

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 26, 1961

Honorable Oscar M. Laurel
District Attorney
Dimmit, Webb, Jim Hogg and
  Zapata Counties
Laredo, Texas

Opinion No. WW-1176

Re: Whether Section 1 of
Article 494a, C.C.P. is
mandatory or discretionary
in its application in view
of Section 1a having been
repealed by Acts of the
56th Legislature and re-
lated questions.

Dear Mr. Laurel:

You have requested an opinion on the following
questions:

"1. Whether Section 1 of Article 494a,
C.C.P. is mandatory or discretionary in
its application in view of Section 1a
having been repealed by Acts of the 1959,
56th Legislature.

"2. If the language of Section 1 of the
Article is mandatory in its application
so that the Commissioners Court is obli-
gated to pay the amounts provided therein
to defense counsel, then from what County
funds should such payments be made."

Article 494a is as follows:

"Section 1. Whenever the court shall
appoint one or more counsel(s) to defend
any person or persons pursuant to law in
any felony case in this State, each counsel
may, at the discretion of the trial judge,
be paid a fee in the sum of Twenty-five
Dollars ($25) per day for each day such
appointed attorney is actually in trial
court representing the person he has been
appointed to represent. Provided, further,
that in all cases wherein a bona fide
appeal is actually prosecuted to a final
conclusion, each appointed counsel may be

paid One Hundred Dollars ($100) for said appeal. Provided, however, on pleas of guilty before the court, said appointed counsel may be paid Ten Dollars ($10) per case. The fee allowed counsel shall be paid by the county wherein such trial is held and such sum to be paid from county funds, where such funds are available.

"Sec. 1A.  Repealed.  Acts 1959, 56th Leg., 2nd C.S., p. 147, ch. 31 §2.

"Sec. 2. No such allowance shall be made unless an affidavit is filed with the clerk of the court by the defendant showing that he is wholly destitute of means to provide counsel, and that he has not been released on bail bond.  As amended Acts 1959, 56th Leg. 2nd C.S., p. 147 ch. 31 §1."

The original 494a Vernon's Annotated Criminal Code was passed in 1951 by the 52nd Legislature. Section 1a therein provided:

"The Commissioners Court of any county in the State may determine within its discretion whether or not such county shall pay the fees provided herein." Acts 52nd Leg., 1951, ch. 19, p. 25.

In 1959 the Legislature rewrote what was the entire Chapter 19 of the 52nd Legislature (Article 494a). The changes written into the Act were:

1. Raising the fee from $10.00 to $25.00 per day in Section 1 and raising the fee on appeal from $25.00 to $100.00.

2. Adding the following sentence in Section 1:

   "Provided, however, on pleas of guilty before the court, said appointed counsel may be paid Ten Dollars ($10) per case."

3. In Section 1 added the phrase:

   "where such funds are available"

   to the last sentence of Section 1 so that the sentence reads:

"The fee allowed counsel shall be paid
by the County wherein such trial is held
and such sum to be paid from county funds,
where such funds are available."

4. Section 1a was expressly repealed by
Section 2 of the amended chapter as
differentiated from the amended Section 2
of Article 494a, thus depriving the Com-
missioners' Court of their former discretion.

We conclude that the payment of the fees depends
upon two factors:

1. The discretion of the trial judge as
set out in Section 1 of 494a and

2. The availability of such funds as set
out in the last sentence of Section 1 as
amended.

It would, therefore, appear that where the trial judge
has ordered such payment and where the county has avail-
able the money to pay the fee, such payment should be
made. No other conclusion can be reached because the
Legislature, by expressly repealing Section 1a, as set
out above, has removed the matter from the discretion of
the Commissioners' Court.

## S U M M A R Y

Section 1 of Article 494a makes it manda-
tory for the county to pay the fees therein
provided when such fees are ordered by the
trial judge and such funds are available to
the county.

Yours very truly,

WILL WILSON
Attorney General of Texas

By
Norman V. Suarez
Assistant Attorney General

NVS:sh

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Vernon Teofan
Gordan Cass
W. Ray Scruggs
Ben Harrison

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.